IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **FRANKIE L. BANKS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:07-0545 |
| | ) | |
| **T. R. CRAIG, Warden,** | ) | |
| **Warden, FCI Beckley,** | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 5, 2007, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Motion to Proceed *in Forma Pauperis*.[1] (Document Nos. 1 and 2.) Petitioner makes two claims for relief. (Document No. 2.) First, Petitioner states that he was "judicially recommended to complete the 500 hour comprehensive drug abuse treatment program ("RDAP") offered by the BOP under Title 18, U.S.C. § 3621(e)." Petitioner states further that he signed up to participate in the program and was informed that he was eligible to do so. Petitioner claims, however, that he was notified that he could not participate in the program until January or March, 2008, "[m]aking it impossible for Petitioner to receive an individualized determination for up to one year sentence reduction under the statute." Petitioner claims that inmates at FCI Beckley are permitted to participate in RDAP when they are within 14 to 21 months of their release date whereas inmates at other federal correctional facilities are permitted to do so when they are within 27 and 36 months of their release dates. Petitioner requests that the District Court "grant the writ as necessary or appropriate to enjoin the respondent from retroactively altering Petitioner's

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

eligibility to receive these benefits as the director of the BOP has a duty to implement RDAP uniformly throughout the BOP with priority given to convicted prisoners with respect to the proximity to their release dates, Bureau-wide."

Petitioner also filed on September 5, 2007, a Motion for Leave to Supplement his *Habeas* Petition seeking to include a copy of his "Residential Drug Abuse Program Notice to Inmate" as an exhibit to his Petition. (Document No. 3.) By Order entered on September 3, 2008, the undersigned granted Petitioner's Motion to Proceed *in Forma Pauperis* and Motion for Leave to Supplement the *Habeas* Petition. (Document No. 6.) By Order also entered on September 3, 2008, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.)

On September 29, 2008, Respondent filed his Response to the Order to Show Cause. (Document No. 9.) Respondent attaches the following as Exhibits: (1) Declaration of J.R. Johnson, Correctional Program Specialist at the Designation and Sentence Computation Center for the BOP (Id., pp. 10 - 12; (2) Administrative Remedy Generalized Retrieval printout for Petitioner (Id., p. 14.); (3) Judgment Order entered by the United States District Court for the Southern District of Ohio in United States v. Banks, Case No. 1:06-CR-100-01 (Id., pp. 16 - 18.); (4) The United States Marshals Service "Individual Custody and Detention Report" regarding Petitioner (Id., pp. 20 - 21.); (5) Petitioner's "Sentence Monitoring Computation Data as of 09-23-2008" (Id., pp. 23 - 24.); (6) Copy of a fax dated September 17, 2008, from Teresa Wither, Hamilton County Sheriff's Office, regarding Petitioner's incarceration (Id., pp. 26 - 27.); (7) Declaration of Dr. Christina Ganz, Drug Abuse Program Coordinator at FCI Beckley (Id., pp. 28 - 29.); and (8) Copy of Petitioner's "Federal Bureau of Prisons Psychology Data System" report (Id., p. 31.)

First, Respondent claims that Petitioner's Petition must be dismissed because Petitioner failed to exhaust his administrative remedies. (Id., pp. 2 - 3.) Citing United States v. Odiana, 7 F.3d 227 (4th Cir. 1993), Respondent argues that "[f]ederal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." (Id., p. 2.) Respondent states that "[a] review of SENTRY, the Bureau of Prisons computerized record system, shows Petitioner has never filed an administrative remedy on any issue while in Bureau of Prisons' custody." (Id., p. 3.)

Next, Respondent claims that Petitioner's challenge as to RDAP is moot. (Id., pp. 3 - 4.) Respondent asserts that Petitioner began RDAP on October 22, 2007, which was almost two full years prior to his current projected release date. (Id., p. 3.) Respondent, however, explains that Petitioner was expelled from RDAP on January 15, 2008, due to misconduct and program failure. (Id.) Therefore, Respondent argues that "[b]ecause Petitioner is no longer eligible for the benefits of the RDAP, his challenge to the program is moot and must be dismissed."[2] (Id., p. 4.)

Finally, Respondent argues that Petitioner's sentence is appropriately calculated (Id., pp. 5 - 8.) Respondent summarizes Petitioner's criminal history as follows:

> On August 16, 2006, the Grand Jury for the Southern District of Ohio returned a four count indictment charging Petitioner with violations of 18 U.S.C. §§ 471, 473,

---

[2] The undersigned notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

>and 1519; Making Counterfeit Obligations of the United States with Intent to Defraud, Made Counterfeit Obligations of the United States with the Intent to be Passed, and Obstruction of Justice. These offenses concluded on June 19, 2006. See Respondent's Exhibit 1.
>
>Petitioner had been arrested on June 19, 2006, by local law enforcement officers and charged with Criminal Simulation, Possession Criminal Tools, and Tampering with Evidence. See Respondent's Exhibit 1. On August 16, 2006, Petitioner was sentenced in Hamilton County Municipal Court Case No. 06CB13178, to 30 days in jail. He was released from this sentence on September 11, 2006. See Respondent's Exhibit 1.
>
>Petitioner made an initial appearance in U.S. District Court on September 11, 2006, and was released on a $10,000 unsecured bond. See Respondent's Exhibit 1. Petitioner was sentenced on March 22, 2007, to a 35-month term, with three (3) years supervised release, in violation of Title 18 U.S.C. §§ 471 and 1519, Falsely Making Counterfeit Federal Reserve Notes and Obstruction of Justice, respectively. Petitioner was ordered to surrender for service of sentence as notified by the Probation or Pretrial Services Office. See Respondent's Exhibit 1, Attachment B, Judgment in a Criminal Case, No. 1:06-CR-100-01. Petitioner's bond was revoked on April 30, 2007, and he was returned to federal custody. See Respondent's Exhibit 1, Attachment C. U.S. Marshals Form 129.

(Id., pp. 5 - 6.) Respondent contends that "[i]n accordances with Title 18, U.S.C. § 3585(b), Petitioner received prior custody credit from June 19, 2006, the date of his state arrest, through August 15, 2006, the day prior to imposition of his 30-day state sentence, and for September 11, 2006, when he made his initial appearance in U.S. District Court and was released on bond." (Id., p. 6.) Respondent states that "Petitioner's sentence is deemed to have commenced April 30, 2007, the date his federal bond was revoked and he was taken into federal custody." (Id., pp. 6 - 7.) Respondent explains that "[c]redit for the period from August 16, 2006, through September 10, 2006, is prohibited by Title 18, U.S.C. § 3585(b), as it was time Petitioner spent serving his state sentence." (Id., p. 7.) Accordingly, Respondent argues that "Petitioner has received all allowable credit pursuant to 18 U.S.C. § 3585(b), and his request for additional credit is without merit."[3] (Id., p. 8.)

---

[3] Notwithstanding that Petitioner's claims are rendered moot by his release, the undersigned finds that Petitioner's sentence was properly calculated. Title 18 U.S.C. § 3585(a) provides that a

4

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds

---

sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Thus, Petitioner's federal sentence commenced on April 30, 2007, the date Petitioner was returned to federal custody. The undersigned further finds that Petitioner's claim that he is entitled to additional prior custody credit is without merit. Title 18 U.S.C. § 3585(b) provides as follows:
> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>> **(1)** as a result of the offense for which the sentence was imposed; or
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not be credited against another sentence.

Petitioner properly received credit against his sentence imposed in Criminal Action No. 06CRB13178 for the time period beginning August 16, 2006, and ending September 11, 2006. (Document No. 9, Exhibit 1, pp. 11 and 27.) Thus, the BOP may not grant prior custody credit for time that has been credited against another sentence. *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995)(holding that credit is only available for time spent in custody which has not been credited against another sentence). Further, a review of record reveals that Petitioner received prior custody credit against his federal sentence imposed in Criminal Action No. 1:06-CR-100-01 from the time period beginning June 19, 2006 (the date of his state arrest), and ending August 15, 2006 (the day prior to the imposition of his state sentence), and for September 11, 2006 (the date of his initial appearance in the United States District Court). (Document No. 9, Exhibit 1, pp. 11 and 24.) Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief and his Petition should be dismissed.

him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[4] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on October 30, 2009.

a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: May 7, 2010.

R. Clarke VanDervort
United States Magistrate Judge